**This order is SIGNED.**

**Dated: November 8, 2022**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

kw

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 22-22580 |
|---|---|
| CEDAR CORNERS MANAGEMENT LLC, | Involuntary Chapter 7 |
| Alleged Debtor. | Hon. Kevin R. Anderson |

**FINDINGS OF FACT AFTER TRIAL ON ALLEGED DEBTOR'S
OBJECTION TO INVOLUNTARY PETITION**

After a trial on October 27, 2022, on the Alleged Debtor's objection to the involuntary petition and motion to dismiss, the Court makes the following findings of fact.

**The Cedar Corners' Real Estate Development and the Involuntary Petition**

1. Cedar Corners Management LLC ("Cedar Corners") is the owner and developer of 98 residential lots on approximately 32 acres in the area of Eagle Mountain, Utah (the "Property" or the "Project").

2. Cedar Corners contracted with RJ Construction to act as the general contractor for the Project. RJ Construction subcontracted with Jacobson Excavation who in turn subcontracted with Construction Materials Co. and Ralph Smith Co. (Jacobson Excavation, Construction Materials Co., and Ralph Smith Co. are collectively referred to as the "Petitioning Creditors").[1]

---

[1] See ECF No. 1.

3. There is no contract or other written agreement between Cedar Corners and any of the Petitioning Creditors.

4. The Property is subject to a first position trust deed in favor of BRMK Lending, LLC ("BRMK"), with an asserted outstanding balance of over $10 million.[2]

5. Cedar Corners defaulted on the mortgage, and BRMK scheduled a foreclosure sale for July 11, 2022.[3]

6. On July 8, 2022, the Petitioning Creditors filed an involuntary bankruptcy petition against Cedar Corners.[4]

7. The Petitioning Creditors assert that combined, they hold approximately $1.9 million in unpaid invoices for work and materials they provided to the Project.[5]

8. At the time of the involuntary petition, it is estimated it would take another $5 million to complete the Project before the residential building lots could be marketed.[6]

9. While there was no direct evidence on the present value of the property, the parties do not dispute that based on the uncompleted nature of the Project and the amount of liens, there is likely no equity in the Property.

**The Claims of the Petitioning Creditors**

10. On January 18, 2022, Ralph Smith Co. recorded its Notice of Construction Lien against the Property for $147,380.[7]

---

[2] ECF No. 22 at 24.
[3] *Id*. at 34.
[4] ECF No. 1.
[5] ECF No. 22 at 3.
[6] *Id*. at 37.
[7] ECF No. 8 at 356.

11. On February 7, 2022, Jacobson Excavation recorded its Notice of Construction Lien against the Property for $1,741,784.17.[8]

12. On January 25, 2022, CMC Rock, LLC ("CMC Rock"), a related entity of Construction Materials Co., filed a complaint seeking payment of $359,250 from Cedar Corners, Jacobson Excavation, RJ Construction, and others in the Fourth District Court of Utah, Civil No. 220400108. The Utah court has not yet entered a judgment or other dispositive order in this case.

13. Neither CMC Rock nor Construction Materials Co. recorded a Notice of Construction Lien against the Property.

14. In March 2022, RJ Construction filed a lawsuit against Jacobson Excavation in the Fourth District Court of Utah, Case No. 220400403. The Utah court later entered an order requiring JR Construction to post a bond of $2,612,676.26 as the 150% replacement collateral for the Jacobson Excavation construction lien.[9] However, the Utah court has not yet entered a judgment or other dispositive order in this case.

15. In May 2022, Jacobson Excavation filed a complaint seeking a judgment of $1.9 million against the Cedar Corners, RJ Construction, and others (the "Jacobson Lawsuit").[10] The Jacobson Lawsuit also asserts a separate cause of action against Cedar Corners alone for unjust enrichment based on the improvements Jacobson Excavation and its subcontractors made to the Property. The Jacobson Lawsuit is pending in the Fourth District Court of Utah, Case No. 220400727.

16. In response to the Jacobson Lawsuit, RJ Construction and Cedar Corners counterclaimed against Jacobson Excavation for breach of contract based on assertions of failure

---

[8] *Id*. at 64.
[9] ECF No. 22 at 220.
[10] ECF No. 8 at 21.

to perform work, failure to complete work, failure to correct defective work, failure to pay subcontractors, and failure to provide a proper accounting.[11]

17. The Utah court has not entered a judgment or other dispositive order in the Jacobson Lawsuit.

18. In summary, the Petitioning Creditors advanced the following claims prior to the filing the involuntary petition: (1) Construction Materials Co. asserts it is owed $359,250.62, but it did not file a construction lien; (2) Ralph Smith Co. asserts it is owed $147,380 secured by a construction lien against the Property; and (3) Jacobson Excavation asserts it is owed approximately $1.9 million secured by a construction lien, which amount includes the claims of Construction Materials Co. and Ralph Smith; and (4) Jacobson Excavation has filed a complaint that includes a cause of action against Cedar Corners for unjust enrichment and seeks a recovery of the $1.9 million.

19. After the filing of the involuntary petition, the Petitioning Creditors have asserted the following additional claims against the Alleged Debtor.

    a. Cedar Corners, through its principals, wrongfully used the BMRK loan proceeds for purposes other than to pay subcontractors.[12]

    b. Because Cedar Corners failed to post a payment bond, it is liable under Utah Code. Ann. § 14-2-2 for the unpaid charges of the Petitioning Creditors.[13]

    c. Neither of these claims has been asserted in a filed complaint.

---

[11] *Id*. at 129.

[12] *Id*. at 3.

[13] This statute provides: "(1) An owner who fails to obtain a payment bond required under Section 14-2-1 is liable to each person who performed labor or service or supplied equipment or materials under the commercial contract . . . ."

20. Cedar Corners admits that it did not post a payment bond under Utah Code. Ann. § 14-2-2,[14] but it asserts it was not required to do so because the Project was for the construction of "single family detached housing," and the statute excludes such residential construction from this requirement.[15]

**The Timing of Jacobson Excavation's Written Opposition to the Motion to Dismiss**

21. On August 10, 2020, Cedar Corners filed its motion to dismiss the involuntary petition, and set it for a hearing with an objection deadline of August 26, 2022.[16]

22. On August 19, 2022, counsel for Jacobson Excavation requested and received from Cedar Corners an extension to September 2, 2022, to file its response to the motion to dismiss.[17]

23. Cedar Corners likewise granted Construction Materials Co. and Ralph Smith Co. and extension to file a response to September 2, 2022.[18]

24. On September 2, 2022, counsel for Construction Materials Co. and Ralph Smith Co. requested and received from Cedar Corners an additional extension to September 6, 2022, to file their response. The email from counsel for Cedar Corners granting the extension states, "Construction Materials Company, LLC and Ralph Smith Company may have until September 6, 2022, to respond to Cedar Corners' motion to dismiss (ECF No. 8)."

25. Counsel for Jacobson Excavation did not separately request an extension of the September 2, 2022, deadline to file a response. And the email sent by counsel for Cedar Corners

---

[14] ECF No. 23 at 7, ¶ 23.

[15] Utah Code. Ann. 14-2-1(d)(i)(A).

[16] ECF No. 8 and 9.

[17] ECF No. 18 at 14.

[18] *Id*. at 18.

granting the other Petitioning Creditors an extension to September 6, 2022, did not specifically include Jacobson Excavation.[19]

26. Jacobson Excavation filed its response to Cedar Corners' motion to dismiss the involuntary petition on September 6, 2022.

27. Cedar Corners has requested under Local Rule 9013-2(e)[20] that because Jacobson Excavation filed its response after the extended deadline of September 2, 2022, that the Court should deem Jacobson Excavation to have waived its opposition to granting its motion to dismiss.

END OF DOCUMENT

---

[19] *Id.* at 21.

[20] "Any party opposing the motion must file an Objection before the deadline stated in the Notice . . . . Failure of a party to timely file written opposition will be deemed a waiver of any opposition to granting of the motion."

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing FINDINGS OF FACT AFTER TRIAL ON ALLEGED DEBTOR'S OBJECTION TO INVOLUNTARY PETITION shall be made on the following parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Mark C. Rose   mrose@mbt-law.com
- Russell S. Walker   russellw@pearsonbutler.com
- Steven R. Sumison   Steve@businesslawutah.com
- United States Trustee   USTPRegion19.SK.ECF@usdoj.gov


**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Cedar Corners Management, LLC
947 South 500 East, STE 300
American Fork, UT 84003

Construction Materials Company, LLC
515 Sheffield Drive
Provo, UT 84606

Ralph Smith Company
2471 S 150 W
West Bountiful, UT 84010

Jacobson Excavation, LLC
579 E Fremont Way
Elk Ridge, UT 84651